IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES E. SMITH,

        Plaintiff,        CV F 07 1506 LJO  WMW

  vs.                    ORDER DISMISSING ACTION FOR
                          FRIVOLOUSNESS, MALICIOUSNESS, AND
                          FAILURE TO STATE A CLAIM UPON
                          WHICH RELIEF MAY BE GRANTED UNDER
                          FEDERAL LAW

THE DEPARTMENT, et al.,

        Defendants.

       Plaintiff James E. Smith ("plaintiff") is a state prisoner proceeding pro se.[1] On October 15, 2007, plaintiff filed a civil action seeking relief pursuant to 28 U.S.C. § 1651 (the All Writs Act).

       The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

---

[1] Plaintiff neither paid the filing fee nor filed an application to proceed in forma pauperis.

1

1915A(b)(1),(2).

In this action, plaintiff alleges that the an unspecified department and "The CEA" has "a clear, present and ministerial duty to abide by and adhere to the exercise of sound discretion governed by legal rules to do justice according to the laws of the United States in conducting hearings, receiving evidence, and to issue rulings consistent with laws governing the subject matter of this petition."  Doc. 1, pg. 1. Plaintiff alleges that he has made requests for various documents.  As relief, plaintiff requests that the court order defendant to forward all records requested and declaratory relief. Id., pg. 2.  Plaintiff also seeks an order directing that this action proceed under FOIA.

Plaintiff appears to be seeking in part an injunction and mandamus. The All Writs Act does not confer original jurisdiction on federal courts. Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 29, 123 S.Ct. 366, 368 (2002). In the event that jurisdiction is properly pled, "injunctive relief under the All Writs Act is to be used 'sparingly and only in the most critical and exigent circumstances.'" Brown v. Gilmore, 533 U.S. 1301, 122 S.Ct. 1, 2 (2001) (quoting Ohio Citizens for Responsible Energy, Inc. v. NRC, 479 U.S. 1312, 1313, 107 S.Ct. 682 (1986) (internal quotations and citation omitted)). "Such an injunction is appropriate only if 'the legal rights at issue are indisputably clear.'" Id. (quoting Ohio Citizens for Responsible Energy, 479 U.S. at 1313 (internal quotations and citation omitted)). Plaintiff has alleged no jurisdictional basis for his request for relief, and plaintiff has made no showing that he is entitled to any relief under the All Writs Act.

With respect to plaintiff's allegations that his constitutional rights are being violated, to state a claim under 42 U.S.C. § 1983, a statute under which plaintiff may seek monetary damages or equitable relief from prison officials for violating his rights, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.

2006). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Plaintiff's complaint fails to state a claim upon which relief may be granted. The complaint is devoid of any statement setting forth a jurisdictional basis for this action. Assuming the Court has jurisdiction pursuant to section 1983, the complaint is devoid of any factual allegations showing that plaintiff is entitled to any relief under federal law. Even plaintiff's prayer for relief is so devoid of detail that the Court cannot ascertain what specifically plaintiff seeks the Court to order defendants to do.

Plaintiff has filed more than forty actions in this Court, and plaintiff has filed similar requests for relief. In other actions, plaintiff has been placed on notice as to the appropriate standard for obtaining injunctive relief, and plaintiff has also been placed on notice that his pleadings must contain sufficient detail for the Court to determine whether or not he might be entitled to relief under federal law.[2] Despite this, plaintiff filed the instant action, which is utterly

---

[2] The Court takes judicial notice of document numbers 24, 26, 43, 49, 55, and 68 in case number 1:04-cv-05950-OWW-LJO PC Smith v. Scribner; document numbers 24, 25, and 30 in case number 1:06-cv-00310-AWINEW (DLB) PC Smith v. Scribner; document number 15 in case number 1:06-cv-01434-LJO-NEW (DLB) PC

devoid of any showing that plaintiff is entitled to relief in federal court. The Court therefore finds that in addition to failing to state a claim, the filing of this action was both frivolous and malicious.[3]

Based on the foregoing, the Court finds that this action is frivolous, malicious, and fails to state a claim upon which relief may be granted under federal law. In light of the circumstances set forth herein, justice does not require that leave to amend be granted. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, this action is HEREBY DISMISSED, with prejudice, for frivolousness, maliciousness, and for failure to state a claim under federal law, and this dismissal SHALL COUNT AS A STRIKE pursuant to 28 U.S.C. 1915(g).

IT IS SO ORDERED.

**Dated:    February 3, 2008**             /s/ Lawrence J. O'Neill
                                                                  UNITED STATES DISTRICT JUDGE

---

<u>Smith v. Board of Prison Term Personnel</u>; and document number 7 in case number 1:06-cv-01800-LJO-NEW (WMW) Smith v. Scribner.

[3] A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227. The test for maliciousness is a subjective one and requires the Court to "determine the ... good faith of the applicant." Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith most commonly is found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases. Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981); Phillips v. Carey, 638 F.2d 207, 209 (10th Cir. 1981); Ballentine v. Crawford, 563 F.Supp. 627, 628-29 (N.D. Ind. 1983); cf. Glick v. Gutbrod, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of the judicial process").